UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.R. ABBOTT CONSTRUCTION, INC., | CASE NO. C12-1502-RSM |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Interstate Fire and Casualty Company's ("Interstate") motion to dismiss for improper venue (Dkt. # 16) and Plaintiff and remaining Defendants' joint motion to substitute, dismiss, and realign parties (Dkt. # 25). For the reasons that follow, Interstate's motion is DENIED with leave to renew and the joint motion is GRANTED.

## I. INTRODUCTION

This insurance coverage and insurance bad faith action arose initially out of an on-the-job injury at a construction site in California. Plaintiff, J.R. Abbott Construction, Inc., ("Abbott")

contracted with Mountain State Steel, Inc. ("Mountain State") to fabricate and erect steel. Mountain State then subcontracted with Eagle Iron Erectors, Inc. ("Eagle Iron") to erect the steel. Abbott was sued by an employee of Eagle Iron in California after the work-site accident. Abbott maintains that it should have been defended and indemnified by Eagle Iron's insurer, Interstate, as an additional insured under Eagle Iron's insurance policy. Abbott brought this suit against the Defendant insurance companies in King County Superior Court. Defendants timely removed the action to this Court on the basis of diversity jurisdiction. Since filing the original complaint, Abbott, the only Washington company in this suit, is no longer the real party in interest. Abbott and Defendants Zurich American Insurance Company ("Zurich"), Travelers Indemnity Company ("Travelers"), American Guarantee and Liability Insurance Company ("American"), and Illinois Union Insurance Company ("Illinois") move the Court to substitute Zurich and Travelers as plaintiffs, dismiss American and Illinois from the suit, and realign the parties such that only Zurich and Travelers assert claims against remaining Defendant Interstate pursuant to Fed. R. Civ. P. 25(c). Interstate opposes the joint motion on the basis that the substitution of parties renders venue void in this Court.

## II. DISCUSSION

Although Interstate challenges venue under 28 U.S.C. §§ 1391(b) and 1406(a), the venue transfer statute relevant to a properly removed state court action is 28 U.S.C. § 1404. *See, e.g.*, 28 U.S.C. § 1391(a) ("this section shall govern the venue of all civil actions brought in *district courts* of the United States . . .") (emphasis added). Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants,

witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted).

After review of the entire record, the claims and parties appear to have shifted in such a way as to preclude a proper determination about transfer at this time. Putative Plaintiff Zurich contends that it will not pursue any of Abbott's non-contractual claims going forward. Dkt. # 18, p. 8. At least two contracts have been identified and referenced by the parties and depending on the contract from which the remaining claims derive the 1404(a) interest-balancing calculus may differ. Moreover, Interstate has failed to cite any authority that demonstrates that the substitution of parties renders venue in this Court void. Accordingly, the Court DENIES Interstate's motion to dismiss or transfer (Dkt. # 16) with leave to renew the motion to transfer and GRANTS the joint motion to substitute, dismiss, and realign parties (Dkt. # 25). The clerk is directed to send a copy of this Order to all counsel of record.

Dated this 11th day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE